

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



F I L E D

AUG 31 2010

AUG 3 1 2010

IICHAEL W. DOBBINS
K, U.S. DISTRICT COURT

SHARON J. GRAY,
    Plaintiff

1:10-cv-05496
Judge Ronald A. Guzman
Magistrate Judge Sidney I. Schenkier

    v.

CHRIST HOSPITAL
    Defendant.

)
)
)
)

(Jury Trial Demand)

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sharon J. Gray. As alleged with greater particularity below, Christ Hospital violated, and continues to violate, the ADA at its facility in Oaklawn, Illinois, first by denying Gray a reasonable accommodation for her disability which would have allowed her steady employment, and then by a wrongful discharge from employment shortly after her surgery and notice of physical disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U. S. C., Section 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U. S. C., Section 12117 (a), which incorporates by references Section 706(f) (1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U. S. C., Section 1981a.

1

2. The employment practices alleged to be unlawful were, and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. The plaintiff, Sharon J. Gray ("hereafter Mrs. Gray") is an African American female citizen with a physical handicap, who is over forty years of age, and is a pro se representative under 28 U. S. C., Section 1654 administering, interpreting, and enforcing Title I of ADA and is expressingly authorized to bring this action by Section 107 (a) of the ADA, 42 U. S. C., Section 12117 (a), which incorporates by reference Sections 706 (f) (1) and (3) of Title VII, 42 U. S. C., Sections 2000e-5 (f) (1) and (3).

4. At all relevant times, defendant Christ Hospital ("hereafter Christ Hospital") has continuously been an Illinois corporation doing business in the State of Illinois and in the township of Oaklawn, and has continuously had at least 15 employees.

5. At all relevant times, Christ Hospital has continuously been an employee engaged in an industry affecting commerce under Section 101 (5) of the ADA, 42 U. S. C., Section 12111 (7), which incorporates by reference Section 701 (g) and (H) of Title VII, 42 U. S. C., Sections 2000e(g) and (h).

6. At all relevant times, Christ Hospital has been a covered entity under Section 101 (2) of ADA, 42 U. S. C., Section 12111(2).

2

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Mrs. Gray filed a charge with the EEOC alleging ADA violations under Title VII by Christ Hospital. All conditions have been fulfilled.

8. Since at least 2007, Christ Hospital has engaged in unlawful employment at its facility at 4400 W. 95th Street in Chicago, Illinois 60649, in continuing violation of Sections 102 and 503 of the ADA, 42 U. S. C., Section 12112 and 12203, as follows: Since early 2007 Christ Hospital has discriminated against Mrs. Sharon J. Gray by refusing to provide her reasonable accommodations after her surgery as a result of her work duties as a Pharmaceutical Technician over a 16 year period.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Mrs. Gray of equal employment opportunities and to otherwise adversely affect her status as an employee because of her physical disability.

10. The unlawful practices complained of in Paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in Paragraph 8 above were, and are, done with malice or with reckless indifference to the federally protected rights of Mrs. Gray, who was adversely affected by such practices based on her physical disability.

12. Since at least 2007, Christ Hospital also has engaged in unlawful employment practices in continuing violation of Section 102 (d) of the ADA, 42 U. S. C., section 12112 (d), by requiring applicants for Christ Hospital to undergo the "no call no show

3

policy" while taking "sick leave" or "medical leave."

13. The effect of the practices complained of in Paragraph 12 above has been to deprive applicants for Christ Hospital employment of equal employment opportunities in violation of ADA.

14. The unlawful employment practices complained of in Paragraph 12 above were intentional.

15. The unlawful employment practices complained of in Paragraph 12 above were, and are, done with malice or with reckless indifference to the federally protected rights of applicants for Christ Hospital employment, who were adversely affected by such practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Christ Hospital and its officers, successors, and assigns, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect his [her] status as an employee because of his [her] disability, and from engaging in any employment practice which discriminates on the basis of disability.

B. Order Christ Hospital to institute and carry out policies, practices, and programs, which provide equal employment opportunities for disabled individuals, and which eradicate the effects of its past and present unlawful employment practices.

4

C. Order Christ Hospital to make whole Mrs. Sharon J. Gray by providing appropriate backpay with pre-judgment interests (in amounts to be determined at trial), and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Christ Hospital to whole Mrs. Sharon J. Gray by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, in amounts to be determined at trial.

E. Order Christ Hospital to whole Mrs. Sharon J. Gray by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 9 including but not limited to emotional pain, suffering, inconvenience, loss of employment of life, and humiliation, in amounts to be determined at trial.

G. Order Christ Hospital to whole Mrs. Sharon J. Gray punitive damages for its malicious and reckless conduct described in Paragraph 9 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interests and for the interest of justice for ordinary citizens under the rule of law as a matter of law.

5

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

**PLAINTIFF SHARON J. GRAY**

Date: September 2, 2010

8-31-10

/s/ Sharon J. Gray

Pro Se Representative

Sharon J. Gray
Plaintiff Pro Se
9337 S. Justine Street
Chicago, Illinois 60620

6

EEOC Form 161 (2/08)   U.S UAL EMPLOYMENT OPPORTUNITY COM ION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sharon J. Gray | From: Chicago District Office |
|---|---|
| 9337 S Justine Street | 500 West Madison St |
| Chicago, IL 60620 | Suite 2000 |
| | Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0018 8815 3888

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06949 | **Carol Milazzo,** **Investigator** | **(312) 353-7453** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

Enclosures(s)

On behalf of the Commission

**John P. Rowe,**
**District Director**

3/5/0? *(Date Mailed)*

cc:   **ADVOCATE CHRIST MEDICAL CENTER**

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mary Ellen Cherry, Esq.<br>Assistant General Counsel<br>Advocate HealthCare<br>2025 Windsor Dr.<br>Oak Brook, IL  60523 | **Sharon J. Gray** |
| | THIS PERSON *(check one or both)* |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**440-2007-06949** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act    [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by  **07-SEP-07**  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                    to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Kathleen Leaver,**<br>**Investigator** | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|
| *EEOC Representative* | |
| *Telephone*  **(312) 353-8766** | |

Enclosure(s):  [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [ ] RETALIATION  [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **August 7, 2007** | **John P. Rowe,**<br>**District Director** | *John P Rowe* |

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date   **August 7, 2007**
EEOC Charge No.
   **440-2007-06949**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| Sharon J. Gray | v. | CHRIST HOSPITAL |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC ☐ _____ on **August 7, 2007**
             *Name of FEPA*      *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

    ☐ EEOC requests a waiver     ☐ FEPA waives

    ☐ No waiver requested     ☐ FEPA will investigate the charge initially

*DEPT. OF HUMAN RIGHTS*

*RECEIVED*

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **John P. Rowe** | *John P. Rowe* |

| Sharon J. Gray | v. | CHRIST HOSPITAL |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Rocco J. Claps** | |

TO: **Chicago District Office**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

Date   **August 7, 2007**
EEOC Charge No.
   **440-2007-06949**
FEPA Charge No.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-06949 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Sharon J. Gray** | **(773) 238-2021** | **12-23-1958** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9337 S Justine Street, Chicago, IL 60620** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CHRIST HOSPITAL** | **201 - 500** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4400 W 95ᵗʰ Street, Chicago, IL 60649** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-01-2007** | **06-11-2007** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on April 6, 1992. My most recent position was Pharmacy Technician. Since June 1, 2007, I was subjected to unequal terms and conditions of employment. On June 11, 2007, I was terminated.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC

AUG 07 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 07, 2007**    *Sharon Gray*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### AGREEMENT OF NONDISCLOSURE

Pursuant to Section 70Sg(1) of Title VII, the EEOC shall have power to cooperate with private individuals in order to accomplish the purposes of Title VII. This same authority also applies to actions under the Americans with Disabilities Act.

### PERSON REQUESTING DISCLOSURE

| [✓] CHARGING PARTY | [ ] RESPONDENT | AGGRIEVED PERSON ON [ ] WHOSE BEHALF CHARGE IS FILED | AGGRIEVED PERSON IN [ ] COMMISSIONER CHARGE | NAMED PARTY IN CLASS [ ] ACTION |

ATTORNEY REPRESENTING

| [ ] CP | [ ] RESPONDENT | AGGRIEVED PERSON ON [ ] WHOSE BEHALF CHARGE IS FILED | AGGRIEVED PERSON IN [ ] COMMISSIONER CHARGE | NAMED PARTY IN CLASS [ ] ACTION |

CHARGE NUMBER(S) OF FILE(S) TO BE DISCLOSED

440-2007-06949

## STATEMENT

I SHARON J. GRAY , request disclosure of Commission case files(s) in
(Print or type name)

connection with contemplated or pending litigation. I agree that the information disclosed to

me will not be made public or used except in the normal course of a civil action or other

proceeding instituted under Title VII, the Equal Pay Act, the Age Discrimination in Employment

Act, or the Americans with Disabilities Act involving such information.

In witness whereof, this agreement is entered into as of the MARCH day of 24 20 09

by the Equal Employment Opportunity Commission representative named below and the person requesting

disclosure.

Sharon J. Gray  773 238-2021
Person requesting disclosure (Signature and telephone number/area code)

9337 S. Justine St Chicago IL. 60620
Complete address

_____
EEOC representative (Signature and title)

EEOC FORM 167 (10/94)

To Whom It May Concern:

Working under the capacity as a Pharmaceutical Technician had been my calling as well as my lifelong passion. My entire working career has revolved around this profession. At Christ Hospital I had been an employee of the Pharmaceutical Department for over sixteen years until I was stricken with an ailment which led to my untimely firing in an unethical fashion.

I am petitioning you to please review the attached information to make a sound and reasonable determination based upon my testimony along with the attached supporting documentation.

**April – November 2006**

From April –November 2006 I relayed to my Manager, Beverly Tuck that I experienced some severe discomfort in my abdominal area accompanied with bleeding upon lifting heavy boxes. Irregardless of the information relayed to Ms. Tuck, she continued to assign tasks that required heavy lifting. Although my condition worsened, I persisted on completing these tasks. In early November 2006 Ms. Tuck requested a conference with myself indicating that there is a shortage in the department in which I worked and unless a Doctor's Statement was provided, I would have to continue to work in the Omni cell in which the majority of labor entailed even more lifting of heavy boxes that exceeded the amount as stated in the job description. (See attached)

**December -2006**

On December 14, 2006 a Doctor's Statement was provided and was advised by Ms. Tuck to go disability due to the excessive bleeding from my abdominal due to the heavy lifting. In the Doctor's Statement, it indicated the limitations to perform which included the following: **no heavy lifting over 10-15lbs, any bending, stooping, and twisting due to a medical condition.** (See attached) Ms. Tuck disregarded the order and again would issue assignments that would include lifting that exceeded the lifting limitations as stated on the order.

**January- June 2007**

In the beginning of January 2007 was placed on a 10 day disability leave of absence. During this tenure a consultation with physician Dr. Joseph Thomas took place in which he discovered a large growth in my stomach and would require immediate surgery to remove it. After the 10 day leave of disability, I was reassigned to restrictive duty in the Advocate Billing Department on 95th and Kedzie, Chicago Illinois. The dates of employment lasted from February 2-16th 2007 until the surgery which took place on February 20, 2007 by Dr. Thomas.

1

On April 3rd received letter from the disability council which confirmed that the funds for the leave of absence has ceased but to return to work and to continue working under restrictive duties effective April 6th.  (See attached)

May 18, 2007 had a follow up visit with Dr. Thomas.  Dr. Thomas issued another letter stating that I was still under his care and to continue working again under the original restrictions until the next follow up visit in which at that time he would make a determination as to my working capacity.

FMLA 29 CFR 825-115 An employee is ``unable to perform the functions of the position' where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position within the meaning of the Americans with Disabilities Act (ADA), 42 USC 12101 et seq., and the regulations at 29 CFR Sec. 1630.2(n). An employee who must be absent from work to receive medical treatment for a serious health condition is considered to be unable to perform the essential functions of the position during the absence for treatment. An employer has the option, in requiring certification from a health care provider, to provide a statement of the essential functions of the employee's position for the health care provider to review. For purposes of FMLA, the essential functions of the employee's position are to be determined with reference to the position the employee held at the time notice is given or leave commenced, whichever is earlier.
I

From April 6th until June 4th I continued to work in the Billing Department that would be construed according the documentation as intermittent leave according to the FMLA

For intermittent leave or leave on a reduced leave schedule, there must be a medical need for leave (as distinguished from voluntary treatments and procedures) and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule. The treatment regimen and other information described in the certification of a serious health condition (see Sec. 825.306) meets the requirement for certification of the medical necessity of intermittent leave or leave on a reduced leave schedule. Employees needing intermittent FMLA leave or leave on a reduced leave schedule must attempt to schedule their leave so as not to disrupt the employer's operations. In addition, an employer may assign an employee to an alternative position with equivalent pay and benefits that better accommodates the employee's intermittent or reduced leave schedule.

June 1, 2007 spoke with administrator to my physician Dr. Thomas whom indicated that one of my managers were making inquiries of my condition as to when I was fully functional. According to the FMLA inquiries can be made but only to me.

( **Your employer may ask you questions to confirm whether the leave needed or being taken qualifies for FMLA purposes, and may require periodic reports on your**

2

**status and intent to return to work after leave. Also, if the employer wishes to obtain another opinion, you may be required to obtain additional medical certification at the employer's expense, or rectification during a period of FMLA leave. The employer may have a health care provider representing the employer contact your health care provider, with your permission, to clarify information in the medical certification or to confirm that it was provided by the health care provider. The inquiry may not seek additional information regarding your health condition or that of a family member.)**

On June 4, 2007 was contacted by supervisor Cheryl Kohutynski stating that the assignment in the restrictive area department has ceased and to resume original duties effective immediately.

I requested documentation to support said statement by Ms. Kohutynski in which she provided an copy of an emailed memo form Joan Martin a support staff associate of the hospital which stated "The restrictive duty was lifted in to resume normal working activities with only the restriction of lifting no more than 50lbs. (See Attached) What I find disturbing about this memo is that first and foremost Ms. Martin is not a health care provider, under the Family Medical Leave Act of 1993 a Health Care Provider would be considered one of the following:

(a) The Act defines ``health care provider'' as:

  (1) A doctor of medicine or osteopathy who is authorized to
practice medicine or surgery (as appropriate) by the State in which the
doctor practices; or

  (2) Any other person determined by the Secretary to be capable of
providing health care services.
  (b) Others ``capable of providing health care services'' include
only:
  (1) Podiatrists, dentists, clinical psychologists, optometrists,
and chiropractors (limited to treatment consisting of manual
manipulation of the spine to correct a subluxation as demonstrated by
X-ray to exist) authorized to practice in the State and performing
within the scope of their practice as defined under State law;

  (2) Nurse practitioners, nurse-midwives and clinical social workers
who are authorized to practice under State law and who are performing
within the scope of their practice as defined under State law;

  (3) Christian Science practitioners listed with the First Church of
Christ, Scientist in Boston, Massachusetts. Where an employee or family
member is receiving treatment from a Christian Science practitioner, an
employee may not object to any requirement from an employer that the
employee or family member submit to examination (though not treatment)
to obtain a second or third certification from a health care provider
other than a Christian Science practitioner except as otherwise
provided under applicable State or local law or collective bargaining
agreement.

3

```
    (4) Any health care provider from whom an employer or the
employer's group health plan's benefits manager will accept
certification of the existence of a serious health condition to
substantiate a claim for benefits; and

    (5) A health care provider listed above who practices in a country
other than the United States, who is authorized to practice in
accordance with the law of that country, and who is performing within
the scope of his or her practice as defined under such law.
    (c) The phrase ``authorized to practice in the State'' as used in
this section means that the provider must be authorized to diagnose and
treat physical or mental health conditions without supervision by a
doctor or other health care provider.
```

It was very disturbing to receive information from an Administrative Assistant allowed to make such an important decision without any medical credentials and most importantly without any consultation with me. The question that stands out is what is the true protocol of requiring an employee to return to work?

Again under the Family Medical Leave act the employer had the opportunity to follow the below stated:

```
An employer has the option, in requiring certification from a health
care provider, to provide a statement of the essential functions of the
employee's position for the health care provider to review. For
purposes of FMLA, the essential functions of the employee's position
are to be determined with reference to the position the employee held
at the time notice is given or leave commenced, whichever is earlier.
```

The above stated incident resulted in the management department lack of communication, neither my supervisor nor manager did not provide any forthcoming notice of retuning to normal working conditions and to consult my physician to determine if it was deemed satisfactory to do such. Because I was not comfortable with the decision, I expressed to my manager my hesitation of returning to work based upon the fact I was still in recovery. I placed in an uncompromising situation of returning to resume working under conditions that can could result in more of a dangerous predicament concerning my health or take a stand for my life and not go back until I have full authority from my physician, not an administrator to make a sound decision in regards of my health.

In conclusion, it saddens me to be associated with a renowned health care facility that truly has no value on human life. It is with my sincerest hope that this case will be taken seriously before someone truly suffers even more than I have.

Sharon J. Gray

4

Addendum To letter of Complaint re: Sharon Jean Gray

This letter is in addition to the original letter of complaint regarding the termination of
Sharon Jean Gray, a sixteen year employee of Christ Advocate Hospital.
The nature of this transcript is to provide more information of why this termination
should be classified as discriminatory. The below stated will support such statement.

On August 23rd had a hearing the Unemployment to dispute an appeal brought on by
former manager Cheryl Kohutynski indicating reason of termination No call No show.
As stated in previous letter, on June 4th 2007 was approached by Cheryl Kohutynski to
return to normal working activity effective immediately. When reintegrating that I was
still working under the capacity of restrictive duty acknowledged by both Human
Resources and Disability Council overbroad that information and still insisted to work
under that capacity.

During the telephone hearing, she stated that the last date of employment was effective
July 13th when the termination letter indicated June 14th. (See attached)

There is an employee in the Pharmacy department by the name of Sharon Powers whom
is allegedly working under restrictive duty in the epidemiology department based upon an
ailment with her knees.

In regards to my case, disability council allegedly forward a letter to my physician Dr.
Thomas with an updated job description that entailed a much more rigorous physical
routine which stated to lift parcels in excess of 50lbs as well as push a cart of IVs'
ranging from 150-300 lbs.

What is highly insulting in this circumstance is that the job description was altered after
my surgery in which if I did comply would cause much more injury to my current
condition.

In conclusion, the above stated employee that is on restrictive duty is Caucasian and is
still working under the capacity of restricted duty. The only reason that could be
construed that I was terminated, even though complied with every department to secure
restrictive duty was because I am African American and being persecuted for it.



RECEIVED EEOC

SEP - 6 2007

CHICAGO DISTRICT OFFICE

**Disability Council**
18210 S. LaGrange Rd., Suite 211 • Tinley Park, Illinois 60487
Telephone 708.478.4443 • Facsimile 708.478.3912

 **Advocate**Health Care

CMC
RD

## Return to Work Recommendations BROWN

Associate Name: _Shanon Gray_     SS#: _338 60 9927_

DIAGNOSIS: _Wound Not Healed (Treatment) - Abdominal Pain_

*The Disability Council is requesting your patient be released to return to work. Please indicate your recommendations for their return to work, including any restrictions that are medically necessary.*

**RTW Full Duty No Restriction as of** _____

**RTW Restricted Duty as of** _04/03/07_ _____

| | |
|---|---|
| **DEGREE** | **LIMITATIONS** |

☐ **Heavy work:** Lifting 100 pounds maximum with frequent lifting and/or carrying of objects weighing up to 50 pounds.

☐ **Medium work:** Lifting 50 pounds maximum with frequent lifting and/or carrying of objects weighing up to 25 pounds.

☐ **Light work:** Lifting 20 pounds maximum with frequent lifting and/or carrying of objects weighing up to 10 pounds. Even though the weight, lifted may be only be a negligible amount, a job is in this category when it requires walking or standing to a significant degree or when it involves sitting most of the time with a degree of pushing and pulling of arm and/or leg controls.

☑ **Sedentary work:** Lifting _10-15_ maximum and occasionally lifting and/or carrying such articles as dockets, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met.

1. **In an 8 hour work day patient may:**

| | None | 1-2 Hrs | 3-4 Hrs | 4-6 Hrs | 6-8 Hrs |
|---|---|---|---|---|---|
| a. Stnd/wlk | ☐ | ☐ | ☐ | ☐ | ☑ |
| b. Sit | ☐ | ☐ | ☐ | ☐ | ☑ |
| c. Drive | ☐ | ☐ | ☐ | ☐ | ☑ |
| d. Bend | ☑ | ☐ | ☐ | ☐ | ☐ |
| e. Squat | ☑ | ☐ | ☐ | ☐ | ☐ |
| f. Climb | ☑ | ☐ | ☐ | ☐ | ☐ |
| g. Repetitive use of hands | ☐ | ☐ | ☐ | ☐ | ☑ |

2. **Other instructions/limitations:**

_____

_____

☐ He/she is <u>totally</u> incapacitated at this time. OBJECTIVE FINDINGS (MUST BE COMPLETED): _____

_____

_____

Next appointment date: _____

Physician's Signature: _____ Date: _4/19/07_

JOSEPH S. THOMAS, M.D., FACOG, FACS

Locations:
9272 S. Western Ave        10814 S. Halsted St.        Phone: 773-881-3400
Chicago, IL                Chicago, IL                 Fax: 773-881-0777

**Work Release Form**

Date: 3-29-07

To Whom It May Concern:

Patient: _Sharon Gray_

From: Dr. Joseph S. Thomas office
Phone Number: 773-881-3400
Fax Number: 773-881-0777

This is to inform you that, _Sharon Gray_ , was seen by Dr. Joseph S. Thomas, and has
clearance to resume work on _4-3-07_

☐ Full Duty – No Limitations
☒ Limitations
☐ Other

Limitations include: _No Bending, Squating or Climbing_
_No Lifting of More Than 10 to 15 lbs — for Standing please_
_Rotate 6 to 8 hrs_

Other:
_any questions feel free to call_

JOSEPH S THOMAS MD
9727 S WESTERN AVE
CHICAGO IL 60643
☎ (773) 881-3400

Joseph S. Thomas M.D.

**ADVOCATE DISABILITY COUNCIL**
18210 South LaGrange Road
Suite 211
Tinley Park, IL 60477
708.478.4443
708.478.3912 (Fax)

**FAX COVER SHEET**

Date: 3/20/07

Number of pages including this sheet: p.2

To: _Sharon Brown Gray_          Re: _____

Fax: _773-788. 2324_             Phone: _____

From: Cheryl Phillips R.N, Case Manager

Phone: (708) 478-2855           Fax: (708) 478-3912

Comments/Remarks:

Please fill out the Return to Work Recommendation form that is attached. Any restrictions can be

accommodated. If you have any questions regarding restricted duty contact the Disability Council.

_Please fill out @ 3/22/07 appt- Att000 RОWRO_

_@ 6w9s pstop- Any restrictions can be arranged_

**THIS FAX IS CONFIDENTIAL**

This fax is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution, printing or copying of this fax is strictly prohibited. If you have received this fax in error, please immediately notify our office at 708.478.4443, and destroy the fax that you have received.

R/ 4/16/07
R/ W/




Sites  Divisions Directories Communications Resources Market Search SignOn Home

## Advocate Health Care
# Leave Of Absence
## LOA Entry Form

| | | | |
|---|---|---|---|
| SSN: | 338609927 (no dashes) | Added Date: | 02/02/2007 |
| Employee Nbr: | 30528 | Entered By: | Caitlin Canavan |

| | | | |
|---|---|---|---|
| Last Name: | Brown-Gray | Address1: | 9337 S. Justine ST. |
| First Name: | Sharon | Address2: | |
| Process Level: | 25001 | City: | Chicago |
| Department: | 4080 | State: | IL |
| Title: | Pharmacy Technician | Zip Code: | 60620 |
| DOB: | 12/23/1958 | | |
| Work Phone: | 708-684-5295 | Cell Phone: | |
| Work Ext: | 415295 | Home Phone: | 773-238-2021 |
| Manager Name: | Zahra Khudeira | Original Hired Date: | 04/06/1992 |
| Site HR Rep: | Caitlin Canavan | Last Hired Date: | 04/06/1992 |
| HR Insurance Rep: | Michelle Kloepffer | FTE: | 1.00 |

| | | | |
|---|---|---|---|
| LOA Start Date: | 01/19/2007 | | |
| LOA End Date: | 04/14/2007 | Hours Worked/12 month: | 1787.91 |
| Medical Ins/PP: | 52.00 | FML hrs to be used/wk: | 0 |
| Opt. AD&D Ins/PP: | 0 | FML Hours available: | 480.00 |
| Opt. Life Ins/PP: | 0 | FML Weeks available: | 12.00 |
| Dental Ins/PP: | 5.00 | Intermit FML hours used last 12 months: | 0 |
| Vision Insurance/PP: | 0 | | |

**Type of Leave:**    FML with Disability

\* For any type of FMLA, if not for self, please indicate the name, relationship, DOB in the HR comments box.

- ◉ FML with Disability
- ○ FML without Disability
- ○ FML - Worker's compensation
- ○ FML - Intermittent
- ○ Worker's comp - Non-FML
- ○ Personal Leave of Absence
- ○ Personal Medical Leave
- ○ VESSA Leave
- ○ Disability Leave - Non-FML

**Open comments box**⊞

To add a new request 

Return to LOA summary page

Cancel this request




**Certification of Health Care Provider**
(Family and Medical Leave Act of 1993)


#30528

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



---

*(When completed, this form goes to the employee, **Not to the Department of Labor**.)*

OMB No.: 1215-0181
Expires:    07/31/07

---

1. Employee's Name

Sharon Gray

2. Patient's Name *(If different from employee)*

---

3. Page 4 describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described?  If so, please check the applicable category.

    (1) _____   (2) _____   (3) _____   (4) __X__   (5) _____   (6) _____ , or None of the above _____

---

4. Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

    MRS. Sharon Gray will undergo a severe surgical procedure on 02/20/2007. After then she will be on Bed Rest for 8-12 weeks

    Surgery procedure   Total Abdominal Hysterectomy

---

5. a. State the approximate **date** the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present **incapacity**[2] if different):

    02/20/07- Surgery Date
    8-12 week on Bed Rest
    Estimated Return to work   x  05/08/07

   b. Will it be necessary for the employee to take work only **intermittently or to work on a less than full schedule** as a result of the condition (including for treatment described in Item 6 below)?

    No, Bed Rest only 8-12 weeks

    If yes, give the probable duration:

   c. If the condition is a **chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated[2] and the likely duration and frequency of **episodes of incapacity**[2]:

    No, Total incapacited effective 02/20/07

                                    02-13-07A08:46 RCVD

---

[1] Here and elsewhere on this form, the information sought relates **only** to the condition for which the employee is taking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

Disability Council
18210 S. LaGrange Rd., Suite 211 • Tinley, Pa   Illinois 60487
Telephone 708.478.4443 • Facsimile 708.478.3912

Advocate Health Care

# Return to Work Recommendations

Associate Name: _Shannon Gray_   SS#: _338 60 9927_

DIAGNOSIS: _Wound Not Heal Bd (Treatment) - Abdominal Pain_

*The Disability Council is requesting your patient be released to return to work. Please indicate your recommendations for their return to work, including any restrictions that are medically necessary.*

**RTW Full Duty No Restriction as of** _____

**RTW Restricted Duty as of** _04/03/07_ _____

## DEGREE

☐ **Heavy work:** Lifting 100 pounds maximum with frequent lifting and/or carrying of objects weighing up to 50 pounds.

☐ **Medium work:** Lifting 50 pounds maximum with frequent lifting and/or carrying of objects weighing up to 25 pounds.

☐ **Light work:** Lifting 20 pounds maximum with frequent lifting and/or carrying of objects weighing up to 10 pounds. Even though the weight, lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree or when it involves sitting most of the time with a degree of pushing and pulling of arm and/or leg controls.

☑ **Sedentary work:** Lifting _10-15_ maximum and occasionally lifting and/or carrying such articles as dockets, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met.

## LIMITATIONS

1. In an 8 hour work day patient may:

| | None | 1-2 Hrs | 3-4 Hrs | 4-6 Hrs | 6-8 Hrs |
|---|---|---|---|---|---|
| a. Stnd/wlk | ☐ | ☐ | ☐ | ☐ | ☑ |
| b. Sit | ☐ | ☐ | ☐ | ☐ | ☑ |
| c. Drive | ☐ | ☐ | ☐ | ☐ | ☑ |
| d. Bend | ☑ | ☐ | ☐ | ☐ | ☑ |
| e. Squat | ☑ | ☐ | ☐ | ☐ | ☐ |
| f. Climb | ☑ | ☐ | ☐ | ☐ | ☐ |
| g. Repetitive use of hands | ☐ | ☐ | ☐ | ☐ | ☑ |

2. Other instructions/limitations:

_____

_____

_____

☐ He/she is **totally** incapacitated at this time. OBJECTIVE FINDINGS (MUST BE COMPLETED): _____

_____

_____

Next appointment date: _____

Physician's Signature: _____   Date: _4/19/07_

PS 157  5/04

© 2006 Advocate Health Care



GRAY, SHARON
208861280 EH
THOMAS, JOSEPH
12/23/1958 02/20/07
0006699908 048Y F

Locations:
9272 S. Western Ave
Chicago, IL

10814 S. Halsted St.
Chicago, IL

Phone: 773-881-3400
Fax: 773-881-0777

**Work Release Form**

Date: 12/14/2006

To Whom It May Concern:

Patient: Sharon Gray

From: Dr. Joseph S. Thomas Office

Phone Number: 773-881-3400

Fax Number: 773-881-0777

This is to inform you that, Sharon Gray, was seen by Dr. Joseph S. Thomas, and has
clearance to resume work on 12/15/06.

☐ Full Duty – No Limitations
☑ Limitations
☐ Other

Limitations Include: No Heavy lifting over 10-15 lb, No
Bending, Stooping, Twisting, Due To a medical
Condition

Other:

Joseph S. Thomas M.D.

JOSEPH S THOMAS MD
9727 S WESTERN AVE
CHICAGO IL  '643
☎(773) 881-34.0

*(When completed, this form goes to the employee, __Not to the Department of Labor.__)*

| | |
|---|---|
| | OMB No.: 1215-0181 |
| | Expires: 07/31/07 |

| 1. Employee's Name | 2. Patient's Name *(If different from employee)* |
|---|---|
| Sharon Gray | |

3. Page 4 describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category.

(1) _____ (2) _____ (3) _____ (4) _X_ (5) _____ (6) _____ , or None of the above _____

4. Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

MRS. Sharon Gray will undergo a severe surgical procedure on 02/20/2007, After then she will Be on Bed Rest for 8-12 weeks

Surgery procedure - Total Abdominal Hysterectomy

5. a. State the approximate **date** the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present **incapacity**[2] if different):

02/20/07- Surgery Date
8-12 week on Bed Rest
Estimated Return to week - 05/08/07

   b. Will it be necessary for the employee to take work only **intermittently or to work on a less than full schedule** as a result of the condition (including for treatment described in Item 6 below)?

NO, Bed Rest only 8-12 weeks

   If yes, give the probable duration:

   c. If the condition is a **chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated[2] and the likely duration and frequency of **episodes of incapacity**[2]:

NO, Total incapacited effective 02/20/07

---

[1] Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

# EXHIBIT B

From Joan Martin <Joan.Martin@advocatehealth.com>

Sent Monday, June 4, 2007 7:44 am

To CMC-FMLA-HR <CMC-FMLA-HR@advocatehealth.com> , Zahra Khudeira
<Zahra.Khudeira@advocatehealth.com>

Subject 30528 - RETURN TO WORK FULL DUTY FROM RESTRICTED DUTY

This memo is to inform you that your associate, SHARON BROWN-GRAY, has been approved to
continue working restricted duty through 6/1/07.

As of 6/4/07 based off job description with the following restrictions: NO LIFTING MORE THAN 50
LBS, they may return to work in a full duty capacity. If you have any questions please contact us
at tie line 854 X 444443 or (708) 478-4443.

JOSEPH S. THOMAS, M.D., FACOG, FACS

Locations:
9272 S. Western Ave     10814 S. Halsted St.     Phone: 773-881-3400
Chicago, IL             Chicago, IL              Fax: 773-881-0777

| **Work Release Form** | Date: 5/25/07 |
|---|---|
| To Whom It May Concern: | From: Dr. Joseph S. Thomas Office |
| Patient: Sharon-Dawn Gray | Phone Number: 773-881-3400 |
| | Fax Number: 773-881-0777 |

This is to inform you that, _____, was seen by Dr. Joseph S. Thomas, and has clearance to resume work on _____.

☐ Full Duty – No Limitations
☐ Limitations
☐ Other

Limitations Include: NO Lifting over 50lb

_____

_____

Other:

_____

_____

Joseph S. Thomas M.D.