

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011[*]
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 11-1960 | |
| SHARON J. GRAY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:10-cv-05496 |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE CHRIST HOSPITAL AND MEDICAL CENTER, *Defendant-Appellee*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Sharon Gray sued her former employer, Advocate Health and Hospitals Corporation, claiming that she suffered discrimination because of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. Although Gray filed a charge

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

No. 11-1960                                                                                              Page 2

of discrimination with the Equal Employment Opportunity Commission before filing suit, *id.* §§ 2000e-5(e)(1), 12117(a), she received a right-to-sue letter from the agency more than seventeen months before she filed her lawsuit. Because the ADA ordinarily requires that an aggrieved party sue within ninety days of receiving from the EEOC notice of the right to sue, *see id.* §§ 2000e-5(f)(1), 12117(a), the district court ordered Gray to explain why her complaint should not be dismissed due to its apparent untimeliness. Gray argued in a response that the continuing-violation doctrine made her suit timely, *see generally Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999), but the district court rejected that contention and dismissed the action.

     Gray took no further action until four months later when she moved under Federal Rule of Civil Procedure 60(b) to vacate the judgment. She repeated her contention that her complaint alleged a continuing violation and also referred to the doctrine of equitable tolling. The district court denied Gray's motion after concluding that it presented no basis for relief. Gray then filed a notice of appeal, but that appeal was timely only concerning the denial of her Rule 60(b) motion and not the underlying order dismissing her lawsuit. *See Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009).

     Rule 60(b) cannot be used to make arguments that could have been raised on appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Yet this is precisely what Gray tried to do in her Rule 60(b) motion: She argued that her lawsuit was not untimely because of the continuing-violation doctrine and that, if her complaint was untimely, the statute of limitations was equitably tolled. Because these arguments attack the merits of the order dismissing Gray's complaint, they are not proper grounds for relief under Rule 60(b). *See Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

                                                                                                             AFFIRMED.